[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10105
_____

D.C. 3:04-cv-00943-MMH-MCR

MARK ANTHONY HOLLAND,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA, DEPARTMENT OF
CORRECTIONS, FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 10, 2015)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Holland was convicted in state court of armed robbery and first degree murder. His first trial ended in a deadlocked jury; the record indicates that the jury was split 11-1 in favor of not guilty. At Holland's second trial, the state presented most of the same evidence as at the first trial, except the state did not present the testimony of the jailhouse informant who had testified at the first trial that Holland had made incriminating statements while incarcerated. Moreover, the state did not call a second such informant who had come forward after the hung jury. Although Holland's defense attorneys had planned to present a vigorous defense, as they had done in the first trial, after the prosecution rested, they changed their mind after careful consideration over a lunch break. They reasoned that the state's decision not to present the testimony of the informants eliminated the only direct testimony incriminating Holland, leaving only circumstantial evidence against Holland. Although counsel acknowledged that it was a very difficult trial strategy decision, after consulting among themselves and with Holland, they concluded that they had a very good jury and an excellent chance of acquittal. The jury, however, convicted Holland of armed robbery and first degree murder. The Florida appellate court affirmed. Holland v. State, 35 So.2d 114 (Fla. 1st DCA 2002). Holland timely filed for post-conviction relief, which was denied. Holland thereafter filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The district court

2

addressed and rejected the several claims raised. This court granted Holland's certificate of appeal ("COA") on the following issues: (1) whether trial counsel was constitutionally ineffective for failing to present a defense; (2) whether the trial court violated Holland's due process rights by failing to grant his motion for judgment of acquittal for armed robbery; and (3) whether the trial court violated Holland's due process rights by failing to grant his motion for judgment of acquittal for first degree murder. We assume that Holland exhausted the three claims identified in the COA.

In his briefs on appeal, Holland does not dispute the state's assertion that the claims were rejected by the state court on the merits, and that deference is due to the state court's ruling pursuant to 28 U.S.C. §2254(d)(1). Thus, the district court's rejection of these three claims is due to be affirmed unless we conclude that the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." §2254(d)(1). We address the three claims in turn.

## I.

Holland first claims that his trial counsel rendered ineffective assistance of counsel for failing to present a defense. Holland's primary argument on appeal is

that the evidence adduced at his first trial, and which could have been adduced at his second trial, was deemed persuasive by 11 of the 12 jurors, and thus that it was unreasonable not to present that evidence again in the second trial.

We cannot conclude that the decision of the state courts rejecting this claim was either contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).  It is clear that the challenged decision of counsel was a trial strategy decision.  Even without the additional deference required by §2254(d)(1), there is a strong presumption that a tactical decision by counsel falls within the wide range of reasonable professional assistance.  The instant decision by counsel gave the defense two significant benefits.  First, by declining to present evidence in defense, the defense ensured that the state would not be able to introduce the direct evidence in the form of the testimony of the two informants whom the defense had anticipated would testify that Holland had made incriminating statements while incarcerated.  Thus, the defense ensured that the only direct evidence of Holland's guilt would not be heard by the jury.  Second, the defense gained a significant procedural advantage – the right to make both the opening and closing arguments to the jury.  Moreover, defense counsel was able in his rebuttal closing argument to the jury to explain to the jury why he had not presented evidence, noting the law that there was no burden on the defense to present evidence and that the state had the burden to prove guilt beyond a reasonable doubt. Thus, the defense was able to

4

suggest to the jury that there was additional evidence of Holland's innocence, in addition to the evidence already adduced before the jury in cross-examination of the government witnesses. For example, the defense had elicited from government witnesses that, although the experts suggested that a struggle probably preceded the victim's death, the drug dealer who sold drugs to Holland very shortly after the probable time of the murder saw no cuts, bruises or blood on Holland and the officers who searched Holland's residence and vehicle found no bloody clothes or other indications suggesting Holland had struggled with the victim.

In sum, we cannot conclude that the state court's rejection of Holland's ineffective assistance of counsel claims is either contrary to or an unreasonable application of Strickland v. Washington.

## II.

Similarly, with respect to Holland's claims that the trial court should have granted his motions for judgment of acquittal on the armed robbery count and the first degree murder count, we cannot conclude that the decision of the state court was either contrary to or an unreasonable application of Jackson v. Virginia, 443 U.S. 307 (1979). We agree with the state courts and with the district court that there was sufficient evidence to support the jury's verdict with respect to both counts. Based on the testimony of the victim's mother, the jury could have reasonably found:  that Holland was constantly with her son, the victim, during the

evening preceding the murder, and up until the time of the murder; that Holland accompanied her son to the bank to cash a $2,000 check, returned with him, and was aware that her son had in his pants pocket $1,000 of the cash.  The money was in new $100 bills.  She also testified: that Holland and her son remained in his bedroom while she was in her bedroom down the hall with her door open such that she would have seen Holland had he left; that although she went to sleep about 4:00 a.m., she heard the water running about 7:00 a.m., called out and was answered by a familiar voice other than that of her son's; that she shortly thereafter heard the door close and Holland's vehicle crank up and leave; and that no one else entered the residence that night.  She said that, when she finally awoke at about 11:00 a.m., she found her son's body in a puddle of blood, found the $1,000 gone from her son's pocket and also found money taken from her own billfold.  She also testified: that no one knew where her billfold was or that there was money in her son's pants pocket except Holland, her son and herself; and that her son had told her that he planned to wear a gold dress shirt to work the next day.

There was also testimony from a drug dealer that Holland was with the victim on the day prior to the murder as the victim was buying drugs from him. The drug dealer also testified that, at 8:30 on the morning of the murder, Holland bought drugs from him using a crisp $100 bill and that Holland was wearing a gold dress shirt.  The officers who searched Holland's residence on the second day after

6

the murder also found three crisp $100 bills in Holland's wallet. There was also evidence from the officers who investigated the scene of the crime that there were no indications of a forcible entry into the house.  Thus, that tended to undermine the defense theory that someone other than Holland killed the victim.  The officers investigating the scene of the crime also found a tank top with blood on it.  One state expert witness opined that the tank top contained a mixture of the DNA of two people, but could opine only that Holland could not be excluded as providing some of the DNA on the tank top.  Another state expert witness agreed that the tank top contained a mixture of DNA from two different people, and although the mixture of DNA could have come from others, it was likely that it was a mixture of the victim's and Holland's DNA.

We agree with the conclusion of the state court and the district court that there was sufficient evidence to support the jury verdicts, both for the armed robbery count and the first degree murder count. Thus, we cannot conclude that the decision of the state court was either contrary to or an unreasonable application of Jackson v. Virginia.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.